1, GAUDIN, Judge.
This is an appeal by Melissa Ziegler and her husband Randy Ziegler from a jury judgment awarding to them sums they argue are inadequate. Mrs. Ziegler’s 1988 BMW automobile was rear-ended by a Mazda automobile driven by Robert Roni-ger on December 2, 1994 in Kenner, Louisiana. Liability is not at issue; Roniger was 100 percent at fault.
For the following reasons, we raise the award for past physical pain and suffering to $15,000.00 and affirm all other segments of the district court judgment.
After finding Roniger totally responsible, the jury awarded Mrs. Ziegler $32,-198.88. The verdict form was itemized as follows:
Physical Pain and Suffering, Past $ 5,000.00
Physical Pain and Suffering, Future 2,500.00
Mental Pain and Suffering, Past 2,500.00
Mental Pain and Suffering, Future 0.00
Past Medical Expenses 12,000.00
Future Medical Expenses 1,000.00
Past Loss of Earnings 4,198.88
Future Loss of Earnings/loss of earning capacity 0.00
Permanent Anatomical Impairment 5,000.00
Consortium claim of Randy Ziegler 1,000.00
Total 32,198.00
Mr. Ziegler was awarded $1,000.00 for loss of consortium.
A short time after the accident and on the day of the accident, Mrs. Ziegler went to the emergency room at East Jefferson Hospital where she was examined by Dr. Ivan Sherman. She was then 30 years of age. Dr. Sherman said that Mrs. Ziegler had suffered a cervical strain and multiple contusions. X-rays were taken which showed an altered cervical spine, consistent with muscle spasm.
The impact damaged the Ziegler car’s rear end and entire exhaust system while Roniger’s auto had substantial front end damage. Both vehicles were towed from the accident scene.
Four days later, Mrs. Ziegler went to her family doctor, James Kerl. Dr. Kerl found that Mrs. Ziegler had cervical, thoracic and lumbar spinal sprains and contusions of the elbow and knee. He referred Mrs. Ziegler to a physical therapist, Anthony Macaluso, and to an orthopedic surgeon, Dr. Courtney Russo.
Dr. Russo first saw Mrs. Ziegler on January 5, 1995 and has been seeing her *266 periodically since, the last visit being on May 26, 1998. Mrs. Ziegler was scheduled to return in July of 1998. This trial was held on June 17,1998.
On January 5, 1995, Dr. Russo found that Mrs. Ziegler had cervical, ^thoracic and lumbosacral sprain, muscle spasm and contusion and swelling of the left knee. He prescribed muscle relaxing and anti-inflammatory drugs and Vicodin, a pain pill. He also put Mrs. Ziegler in a soft cervical collar and told her to wear a girdle or some kind of support for her lower back.
Dr. Russo examined X-rays from East Jefferson Hospital, which showed that Mrs. Ziegler had sustained a reversal of the normal cervical curve, which he described thusly:
“... normally your neck, on an X-ray, when you’re looking at it from the side, is curved from front to back ...
“When these X-rays were taken, the curve was in the opposite direction, almost reversed of what it normally should be. Now, to us, that means muscle spasm, tight muscle spasm, it tightens her up and throws the head forward.”
Dr. Russo testified that Mrs. Ziegler’s symptoms continued. He saw her on January 26, February 21, March 22, May 3 and July 17 and again on August 28, 1995, at which time Mrs. Ziegler was pregnant. Medication was discontinued. He saw her on October 25,1995 and on January 17 and April 17, 1996. On April 17th, after Mrs. Ziegler’s baby had been born on March 18, 1996, she was still complaining of shoulder and back pain. Dr. Russo ordered an MRI, which revealed a disruption of two discs.
On June 7, 1996, Dr. Russo prescribed more drugs and continued therapy.
Dr. Russo testified that on September 25 and November 13, 1996, Mrs. Ziegler still had neck, shoulder and back pain. Dr. Russo saw Mrs. -Ziegler on January 15 and March 11, 1997, and then on January 9, 1998, at which time Dr. Russo said that Mrs. Ziegler “... was getting irritated and a little depressed with all the pain she was having.” An MRI that day showed evidence of supraspinatis tendinitis and bursitis which Dr. Russo related secondarily to |4the December 2, 1994 accident. Dr. Russo told Mrs. Ziegler to continue with the physical therapy treatments.
On April 14, 1998, Mrs. Ziegler’s complaints were as before. On May 26, 1998, Mrs Ziegler’s last appointment with Dr. Russo before trial, he said:
“Still suffering from pain in the neck, left lumbosacral, left sacroiliac, down the left leg on occasion. The neck showed, still, 50 to 60 degrees of rotation, flexion and extension, with pain in paraverte-bral muscle spasm beyond those degrees. Intermittent left upper extremity numbness and pain.
“Thoracic area with burning sensation on occasion between the shoulder blades and lumbosacral still about 70 degrees of flexion, and a slightly asymmetrical straight leg raising positive on the left, slightly.
“And, we continued the heat, the rest, the exercise, physical therapy; Relafen as an anti-inflammatory drug, Parafon Forte, Darvocet N-100 and I mentioned she was a little depressed and I tried an anti-depressant of Elavil at bedtime.
“And, that’s where we are right now.”
Dr. Russo said that Mrs. Ziegler would require further treatment “... four or five time a year for the next couple of years.” He said that Mrs. Ziegler has a 15 percent permanent physical impairment because of injuries to her spine.
Asked if Mrs. Ziegler’s lingering physical problems were related to the December 2,1994 accident, Dr. Russo said:
“I don’t have a problem vrith that. I have a history of nothing before this. I don’t have anything else to base it on, so I say that the automobile accident definitely caused this.”
*267 Among the medical witnesses were Drs. Robert Steiner and John Schuhmacher. Dr. Steiner, an orthopedist, examined Mrs. Ziegler on November 2, 1995 and found evidence of soft tissue injury, which he anticipated would eventually go away.
Dr. Schuhmacher, a neurosurgeon, also examined Mrs. Ziegler one | Ktime, on September 9, 1996. Dr. Schuhmacher found no evidence of ruptured discs but he said Mrs. Ziegler needed stretching and strengthening exercises and he noted that Mrs. Ziegler would continue to be treated by Dr. Russo.
In summary, Mrs. Ziegler has been treated by Dr. Russo from January 5, 1995 to and beyond the trial date, June 17, 1998. Considering the entire record, we are of the opinion that the smallest amount the jury could reasonably have awarded for past physical pain and suffering, which Dr. Russo related directly to the sued-on automobile accident, would be $15,000.00.
The $5,000.00 jury award for past physical pain and suffering was an abuse of discretion. It is well settled that juries should be given vast discretion in making awards and only when an award is clearly an abuse of discretion should it be disturbed. Here, the jury unreasonably disregarded the treating physician’s testimony and opinions. A treating physician is more likely to recognize and know a patient’s symptoms and complaints than doctors who see the patient only one time.
Several of the other itemized awards seem low but we are unable to find a clear abuse of discretion regarding them. Accordingly, we affirm the June 18, 1998 awards except for the one made for past physical pain and suffering, which we increase to $15,000.00.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.